UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Carmen Electra et al., | ) | Case No. 5:18-cv-02706-SL |
| | ) | |
| Plaintiffs, | ) | Judge Sara Lioi |
| | ) | |
| vs. | ) | |
| | ) | |
| Dreamers Cabaret, LLC et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum in Support of
Defendants' Motion to Dismiss Counts Two and Three**

**I.   Introduction**

This lawsuit is one of many filed by these plaintiffs and others against clubs that allegedly posted or shared plaintiffs' images on Facebook and other social media sites without permission or payment to plaintiffs. Despite over-pleading with five separate causes of action, at bottom, plaintiffs allege misappropriation of publicity rights. Whether their publicity claim has merit, and whether plaintiffs' gigantic money demands are proportional to the mostly unnoticed Facebook posts on which they sue,[1] will be decided later. For now, defendants seek to remove two claims that, as a matter of law, do not fit the case: negligence and unjust enrichment. Removing these claims should allow the parties and Court to focus their efforts on what really matters. The case is complicated enough with 14 separate plaintiffs.

---

[1] As an example, the Carmen Electra meme on which plaintiffs sue, which they calculate as their most valuable claim, had only four "likes" and three retweets on Twitter, and at least eight of the accused Facebook posts attached to plaintiffs' amended complaint had just 1 like. (*See* ECF # 4-1 at p. 2 (Carmen Electra meme); *see, e.g.,* ECF # 4-2 at p. 2, 4-7 at p. 2, 4-8 at p. 2 (examples of social media posts having just one like).)

{8018177: }

Per Ohio Supreme Court precedent, negligence requires *tangible* injury to persons or property. This is because an essential proof element of negligence is a "duty," and there is no duty to use reasonable care to avoid *intangible* harm to others. Here, plaintiffs allege only intangible losses, without any allegation of tangible injury to person or property. They seek purely economic losses, have not pleaded a duty that was breached, and have no cause of action for negligence.

Unjust enrichment is similarly unfit for this case. To state a claim for unjust enrichment, plaintiffs must show that they conferred a benefit upon defendant. As this Court has held, "confer" in this context means to voluntarily bestow upon defendant.[2] Plaintiffs do not allege that they voluntarily bestowed any benefit upon defendants. Rather, they allege that defendants took and used plaintiffs' images without permission and without plaintiffs' prior knowledge. Because plaintiffs do not allege that they conferred any benefit upon defendants, they have not stated a claim for unjust enrichment.

The Court should dismiss these two claims for failure to state a claim.

II. **The Parties**

The plaintiffs allege that they are all models. (Am. Compl. ¶ 34.) According to their complaint, they reside in California, Florida, and the U.K. (*Id.* ¶¶ 13-26.) The Court can take judicial notice, based on Pacer searches and a review of its own docket of cases, that various iterations of these plaintiffs have filed dozens of lawsuits across the U.S. raising claims similar to what they assert here, namely alleging that bars and clubs have

---

[2] (*See infra* at p. 7.)

shared or posted their images on social media sites without permission.[3] Whether or not plaintiffs are or were in the modeling business, they are now most definitely in the litigation business.

Defendant 1110 Brittain Road, LLC is an Ohio company.

Defendant Dreamers Caberet, LLC is an Ohio company.

### III. Factual Background

Plaintiffs' amended complaint does not distinguish between the two defendants. It defines them collectively as "Defendants," and then lumps together its allegations against "Defendants" without distinguishing between the two companies.

According to plaintiffs, Defendants own, operate, and control a gentlemen's club in Akron, Ohio that operates under the names "Dreamers of Akron" and "Dreamers Cabaret." (Am. Compl. ¶ 2.) Plaintiffs allege that Defendants posted plaintiffs' images on social media pages, such as Twitter and Facebook, without permission. (*See, e.g., id.* ¶¶ 55, 58, 60, 64.)

Plaintiffs have sued for: (i) invasion of privacy by appropriation, (ii) negligence, (iii) unjust enrichment, (iv) violation of Ohio Deceptive Trade Practices Act, and (v) violation of the Lanham Act. Defendants now seek dismissal of the negligence and unjust enrichment claims.

---

[3] Examples of Pacer searches of plaintiffs' names, with cases before this Court highlighted in yellow, are attached as Exhibit A.

## IV. Law and Argument

### A. Standard on a Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 555 n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts") (internal citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678–79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

The Court "may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).

B. **Negligence**

To state a claim for negligence, plaintiffs must allege facts showing duty, breach, causation, and damages. *Wallace v. Ohio DOC*, 96 Ohio St.3d 266, 274 (2002).

As a general rule, there is no duty to avoid causing intangible harm to others. *See Floor Craft v. Parma Community Gen. Hops. Assn.*, 54 Ohio St.3d 1, 3 (1990). The Ohio Supreme Court has explained: "In the absence of privity of contract between two disputing parties the general rule is there is no duty to exercise reasonable care to avoid intangible economic loss or losses to others that do not arise from tangible physical harm to persons and tangible things." *Id.*

Thus, when plaintiffs sue for negligence for purely economic losses, without alleging any tangible harm to a person or property, courts correctly dismiss under Rule 12(b)(6) based on plaintiff's failure to allege a valid duty that was breached. *See Ashtabula River Corp. Group II v. Conrail, Inc.*, 549 F. Supp. 2d 981, 986-88 (N.D. Ohio 2008) (Gaughn, J.) (dismissing negligence claim under economic-loss rule where no tangible injury to person or property occurred). Indeed, a district court in Florida dismissed a negligence claim in a similar case brought by the same plaintiff here, Eva Pepaj, and two other plaintiffs against an adult club. *See Burciaga v. Gold Club Tampa,*

*Inc.*, No. 8:16-cv-790-T-27JSS, 2016 WL 9526567, at *8 (M.D. Fla. Dec. 28, 2016) (dismissing negligence).

Here, plaintiffs allege only intangible and economic harm, they do not allege any tangible harm to person or property. (*See generally* Am. Compl.). Plaintiffs, thus, do not allege any facts that would give rise to a duty to support a negligence claim. The Court should dismiss the negligence claim accordingly.

C. **Unjust Enrichment**

To state a claim for unjust enrichment, plaintiffs must allege: (i) a benefit conferred by a plaintiff upon a defendant, (ii) knowledge by the defendant of the benefit, and (iii) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183 (1984). If any of those elements are lacking, the Court should dismiss the claim.

An unjust enrichment claim is intended "not to compensate the plaintiff for any loss or damage suffered by him but to compensate him for the benefit he has conferred on the defendant." *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 286 (2005) (quoting *Hughes v. Oberholtzer*, 162 Ohio St. 330, 335 (1954)). It is not enough that a plaintiff suffers a loss and a defendant receives a benefit; rather, "a plaintiff must establish that a benefit has been conferred upon that defendant by that particular plaintiff." *Bihn v. Fifth Third Mortgage Co.*, 980 F. Supp. 2d 892, 904 (S.D. Ohio 2013).

This Court has held that when a defendant allegedly takes something from plaintiffs without permission and benefits from the taking—which is what allegedly happened here—that is not a "a benefit conferred by a plaintiff." *See MP TotalCare Servs.,*

{8018177: }                                6

*Inc. v. Mattimoe*, 648 F. Supp. 2d 956, 967 (N.D. Ohio 2009). To confer a benefit, the plaintiff has to voluntarily bestow a benefit on defendant. *Id.* This Court explained, "'the word "confer" means "to bestow from or as if from a position of superiority" or "to give"'." *Id.* (quoting *MPW Indus. Servs., Inc. v. Pollution Control Servs., Inc.*, No. 2:02-CV-955, 2006 WL 640438 (S.D. Ohio Mar. 9, 2006)).

Thus, if a plaintiff does not allege that she voluntarily gave a benefit to defendant, then there is no claim for unjust enrichment and dismissal should occur. *See MP TotalCare*, 648 F. Supp. 2d at 967 (dismissing unjust enrichment claim at summary judgment because plaintiff did not "confer a benefit" where defendant allegedly took and used plaintiff's trade secrets); *see also MPW Indus.*, 2006 WL 640438, at *9 (granting summary judgment for defendant where plaintiff argued benefit conferred on defendant was customer and business taken by defendant from plaintiff).

In the similar *Burciaga* case, cited above, the Florida district court correctly dismissed the unjust enrichment claim by plaintiff Pepaj (also a plaintiff here) because she did not allege that she conferred a benefit upon the club. The district court stated:

> Plaintiffs' allegations are based on allegations that Defendants used their *personas* without compensation. Plaintiffs do not allege that they conferred a benefit on the Defendants which were accepted and retained.

*Burciaga*, 2016 WL 9526567, at *6.

The same holds true here. Plaintiffs do not allege that they "conferred a benefit" upon defendants. Rather, they allege that defendants used their images without their prior knowledge or permission. (Am. Compl. ¶ 43, 87, 91, 101.) The Court should dismiss the unjust enrichment claim because plaintiffs do not allege they conferred a benefit.

**V.** **Conclusion**

    For the foregoing reasons, the Court should dismiss Counts Two and Three.


Dated: April 8, 2019                        Respectfully submitted,

  s/ Matthew J. Cavanagh                s/ Alan M. Medvick (by consent)
Matthew J. Cavanagh (OH 0079522)     Alan M. Medvick (OH 0081897)
MCDONALD HOPKINS LLC                 NIEKAMP WEISENSELL
600 Superior Avenue, East, Ste. 2100    3 Nantucket Bldg.
Cleveland, Ohio 44114                     23 South Main St.
t 216.348.5400 | f 216.348.5474        Akron, Ohio 44308
mcavanagh@mcdonaldhopkins.com      t 330.434.1000
                                                     alan@nwm-law.com

*Counsel for Defendant*
*1110 Brittain Road, LLC*                       *Counsel for Defendant*
                                                     *Dreamers Cabaret, LLC*