UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| Carmen Electra et al., | ) | Case No. 5:18-cv-02706-SL |
|---|---|---|
| Plaintiffs, | ) ) ) | Judge Sara Lioi |
| vs. | ) ) | |
| Dreamers Cabaret, LLC et al., | ) ) ) | **Reply Memorandum in Support of Defendants' Motion to Dismiss Counts Two and Three** |
| Defendants. | ) | |

## I. Plaintiffs have not identified a legally-valid duty to sue for negligence.

### A. In *Floor Craft*, the Ohio Supreme Court rejected plaintiffs' negligence theory by holding: there is no negligence-based duty to avoid "losses to others that do not arise from tangible physical harm to persons and tangible things."

Defendants moved to dismiss the negligence claim because plaintiffs did not allege a duty owed by defendants to plaintiffs. Plaintiffs retort that defendants had a general duty to avoid foreseeable harm to plaintiffs' reputation, goodwill, and emotional well-being. (Br. in Opp. 4-5, ECF #15.) For legal support, plaintiffs point only to language from the *Wallace* decision by the Ohio Supreme Court about one's duty to avoid causing reasonably foreseeable injuries to others. (*Id.* 4.)

But *Wallace* was addressing the foreseeability of ***physical*** injuries to people who were killed or physically injured in a fire. *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 267 (2002). *Wallace* did not recognize—as plaintiffs contend—a duty to avoid causing intangible, non-physical injuries (such as damage to reputation, goodwill, or emotions as alleged by plaintiffs). Indeed, 12 years before *Wallace*, the Ohio Supreme

{8108582: }

Court held to the contrary in *Floor Craft*. There, the Ohio Supreme Court stated: "In the absence of privity of contract between two disputing parties, the general rule is 'there is no * * * duty to exercise reasonable care to avoid intangible economic loss **<u>or</u>** losses to others that do not arise from **<u>tangible physical</u>** harm to persons and tangible things.'" *Floor Craft Floor Covering, Inc. v. Parma Cmty. Gen. Hosp. Ass'n*, 54 Ohio St.3d 1, 3 (1990) (quoting Prosser & Keeton, Law of Torts (5th Ed. 1984) 657, § 92) (emphasis added). That legal rule deserves repeating: no duty to avoid "losses to others that do not arise from tangible physical harm." *Id.* That rule is good law; *Wallace* neither contradicts nor overrules it.

Plaintiffs do not allege any physical harm to person or property; they merely allege posting of images on Facebook and elsewhere. (*See* Compl. ¶ 113.) Plaintiffs' theory that defendants had a duty to avoid causing non-physical harm cannot withstand *Floor Craft*'s holding that there is no such duty.[1] Again, the general foreseeability-of-harm negligence duty described in *Wallace* is confined to negligence cases involving physical injuries. *See Moriarty v. EquiSearch Services, Inc.*, No. 1:08-cv-2180, 2009 WL 10689381, at *11 (N.D. Ohio Oct. 23, 2009) (Gaughan, J.) (". . . in order to recover on a negligence theory, the party

---

[1] While plaintiffs selectively quote from *Floor Craft*, they omit the language requiring "tangible physical harm." (*See supra* at p. 2.)

must claim physical damage to persons or property.") (citing and quoting *Floor Craft*).[2] Thus, this Court dismisses negligence claims where there is no allegation of physical damage to person or property. *See id.* (dismissing negligence claim).

Because Plaintiffs' complaint does not allege any physical harm to themselves or their property, they have not alleged a duty. The Court should dismiss negligence.

**B.   Whether plaintiffs' damages are "economic losses," as plaintiffs define that term, is not determinative of defendants' motion.**

Plaintiffs sprint past the lack of physical injury in their case and jump ahead to argue for three pages that their pleaded injuries—intangible harm to reputation, goodwill, and emotions—are not "purely economic losses" so "the economic loss rule clearly does not apply." (Br. in Opp. 6-7.) This is a semantic argument.

First, there are varying uses of the term "economic loss" by courts and litigants. Defendants used the term in its opening brief, as this Court and others have done, to refer to damages that do not arise from physical tangible injury to person or property.[3] Under

---

[2] Plaintiffs are correct that defendants mistakenly stated in their opening brief that the *Ashtabula River* case involved a negligence claim. In fact, it involved a public nuisance claim. Nonetheless, this Court in *Ashtabula River* correctly described the law applicable to negligence claims and applied it broadly to torts in general: "in the absence of physical harm to persons and tangible things, there can be no recovery in negligence." *Ashtabula River Corp. Group II v. Conrail, Inc.*, 549 F. Supp. 2d 981, 987 (N.D. Ohio 2008). Perhaps the *Moriarty* case cited above is more on point since it applied that same law more specifically to a negligence claim to dismiss it. *See Moriarty*, 2009 WL 10689381, at *11 ("Nor do plaintiffs allege the existence of any physical damage to person or property as a result of the alleged negligence. Accordingly, plaintiffs' negligence claim must be dismissed.").

[3] *See, e.g., Fed. Ins. Co. v. Fredericks*, 29 N.E.3d 313, 320 (Ohio Ct. App. 2015) ("'[E]conomic losses are intangible losses that do not arise from tangible physical harm to persons or property.'") (quoting *RWP, Inc. v. Fabrizi Trucking & Paving Co.*, No. 87382, 2006 WL 2777159, at *3 (Ohio Ct. App. Sept. 28, 2006); *Springfield Hydroelectric Co. v. Copp*, 779 A.2d 67, 71 (Vt. 2001) ("'Economic loss is defined generally as damages other than physical harm to persons or property.'") (quoting *Town of Alma v. AZCO Constr., Inc.*, 10 P.3d 1256, 1259 (Colo. 2000).

that definition, the economic-loss rule does bar plaintiffs' claim insofar as they've not pleaded physical injuries to establish a valid duty on which to sue for negligence.

If the term is defined more narrowly—as plaintiffs have defined it—to mean purely harm directly to the pocketbook,[4] then whether plaintiffs' damages fit that narrower definition as a defensive bar to the claim is immaterial. The primary, dispositive issue is that plaintiffs have not stated a claim for negligence because they have not pleaded the existence of a legally-recognized duty that was breached. Plaintiffs have not pleaded a duty, regardless of how "economic loss" is defined or its applicability as a defense to tort claims. In other words, showing that the economic loss doctrine does not bar a claim does not equate with pleading the existence of a duty. The Ohio Court of Appeals explained:

> The economic loss doctrine applies to tort claims and presupposes that a tort cause of action exists. The economic loss doctrine is not a means to create an independent tort when there was not one.

*Netherlands Ins. Co. v. BSHM Architects, Inc.*, 111 N.E.3d 1229, 1238 (Ohio Ct. App. 2018).

None of the cases cited by plaintiffs held that one may plead the existence of a negligence duty by showing that the economic-loss rule does not apply. And no case cited by plaintiffs allowed a negligence claim to proceed without an allegation of physical harm:

- *Wallace*, again, involved physical injuries to a building and individuals, including the death of nine people. *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 267 (2002).

---

[4] This more narrow definition of the "economic loss" rule appears to be applied by some courts when the doctrine is asserted as defense to a tort claim where there is also an alleged breach of contract between the parties. *See, e.g., MyVitaNet.com v. Kowalski*, No. 2:08-cv-48, 2008 WL 2977889, at *6-9 (S.D. Ohio July 29, 2008) (finding goodwill damages were not purely economic, so that the economic-loss doctrine did not bar fraud claim despite contract between the parties). Defendants are not aware of any case—nor have plaintiffs pointed to any case—in which the inapplicability of this narrower definition of the "economic loss" defense was used as a basis for establishing the duty proof element of a negligence claim.

- In *MyVitaNet.com*, a district court merely ruled that the economic loss doctrine did not bar a fraud claim.[5] *MyVitaNet.com v. Kowalski*, No. 2:08-cv-48, 2008 WL 2977889, at *6-9 (S.D. Ohio July 29, 2008) It did not recognize a negligence-based duty to avoid non-physical harm to others, as a fraud claim does not require a plaintiff to plead a duty.

  Moreover, there was privity of contract between the parties in *MyVitaNet.com*. *Floor Craft* prefaced its holding as being "in the absence of privity of contract," so it's distinguishable. Also, as explained more in footnote 4 above, where there is privity of contract between the parties, the economic loss rule as a defense to a tort claim appears to sometimes take on a narrower meaning than in negligence cases, where it describes non-physical injuries.

- *Lawyers' Cooperative* never addressed a negligence duty, let alone whether a negligence duty exists to avoid non-physical harm. *Lawyers Cooperative Publ'g Co. v. Muething*, 65 Ohio St.3d 273 (1992). As in *MyVitaNet.com*, there was privity of contract in *Lawyers' Cooperative*, so the *Floor Craft* holding would not apply anyway. *Id.* at 277

- *Ferro* involved physical property damage to a reactor's physical "liner," so—unlike here—plaintiff was not relying solely on non-physical injuries to plead a negligence duty. *Ferro Corp. v. Blaw Knox Food & Chem. Equip. Co.*, 121 Ohio App.3d 434, 442-43 (Ohio Ct. App. 1997).

- *Skurka* did not recognize a negligence duty to avoid non-physical harm, but merely ruled that the economic-loss doctrine did not bar a conversion claim. *Skurka Aerospace, Inc. v. Eaton Aerospace, L.L.C.*, No. 1:08-cv-1565, 2011 WL 1134591, at *2 (N.D. Ohio Mar. 25, 2011). There was no duty showing required because plaintiff had not asserted negligence. So *Skurka* did not address whether there is a duty to avoid non-physical harm to others. And, in any event, there was privity of contract in *Skurka*, so it is outside the scope of the *Floor Craft* holding on which defendants rely.

---

[5] Again, whether the economic-loss rule would bar a particular tort claim is immaterial to defendants' motion. The crux of defendants' motion is that plaintiffs have not alleged a duty under Ohio law. Plaintiffs have not pleaded a duty regardless of whether the economic loss doctrine would bar their claim under the narrower definition of that phrase (*i.e.*, when used as a defense to tort claims between contracting parties).

- *Whitaker* merely held that emotional distress damages were non-economic damages under Ohio's Consumer Sales Practices Act. *Whitaker v. M.T. Automotive, Inc.*, 111 Ohio St.3d 177 (2006). *Whitaker* did not rule there is a general duty to avoid emotional distress to others to give rise to a negligence claim. Indeed, if there were such a duty, then the entire intentional infliction of emotional distress tort would be swallowed by plaintiffs' new, easier-to-prove version of ordinary negligence.[6] Moreover, the parties in *Whitaker* were in privity of contract so, again, it's outside the scope of the *Floor Craft* holding.

What plaintiffs seek would open the flood gates for negligence as a catch-all for any case in which there is an allegedly foreseeable injury, regardless of the nature of the injury. Virtually every civil lawsuit involves some type injury that plaintiff would view as foreseeable, so the law plaintiffs seek would cause every complaint to include a negligence add-on. Plaintiffs with hurt feelings could bypass having to prove "extreme and outrageous" conduct or "serious emotional distress" under an "intentional infliction of emotional distress" claim[7] by pleading ordinary negligence on the theory that defendant had a duty not to speak or act in a way that may cause embarrassment or hurt feelings.

But the Ohio Supreme Court has wisely confined negligence to cases involving ***physical*** damage to person or property. Plaintiffs have not cited any decision by an Ohio court, or by a federal court applying Ohio law, that expanded ordinary negligence to cover purely non-physical injuries, much less where (as here) there is no special relationship or privity of contract between the parties. The compensability of intangible injuries are addressed under more specific statutory, common law, and tort causes of action that are

---

[6] (*See infra* at p. 6.)

[7] *See Yeager v. Local Union 20*, 6 Ohio St.3d 369, 374-75 (1983) (recognizing IIED claim under Ohio law).

designed to address those particular type of harms and which set forth very specific proof elements, defenses and privileges, and types of damages available.

Here, plaintiffs have alleged invasion of privacy by misappropriation, violations of the Lanham Act, and violations of the Ohio Deceptive Trade Practices Act. So the compensability of plaintiffs' alleged harm should be decided under those more specific claims and the body of law developed around them; the law should not allow plaintiffs to bypass the proof elements and defenses under those claims with ordinary negligence.[8]

## II. Plaintiffs have not shown that an unjust enrichment claim can survive without alleging that they bestowed a benefit upon defendants.

### A. Plaintiffs confuse unjust enrichment damages under trade secret statutes with an independent cause of action for unjust enrichment.

Defendants moved to dismiss the unjust enrichment claim because, by law, that legal claim does not apply when—as here—plaintiff does not allege that it voluntarily bestowed a benefit upon defendant. This Court and the Southern District of Ohio—using the simple dictionary definition of "confer"—have previously ruled that to confer a benefit means to give or voluntarily bestow a benefit. (*See* Opening Br. 6-7, ECF #14-1 (citing *MP TotalCare Servs., Inc. v. Mattimoe*, 648 F. Supp. 2d 956, 967 (N.D. Ohio 2009) and *MPW Indus. Servs., Inc. v. Pollution Control Servs., Inc.*, No. 2:02-cv-955, 2006 WL 640438 (S.D. Ohio Mar. 9, 2006).)

In response, plaintiffs concede that they do not allege giving or voluntarily bestowing a benefit upon defendants. (Br. in Opp. 8.) Plaintiffs instead argue the law:

---

[8] The fact that plaintiffs have asserted negligence and fought to keep it in the case suggests that plaintiffs either have concern that they cannot meet the proof elements of their primary claims or are simply over-pleading without good reason. Neither reason justifies keeping the negligence claim in the case.

they say that Sixth Circuit precedent "recognizes unjust enrichment claims where one party misappropriates the benefit from another and no 'voluntary' conferral has occurred." (*Id.*) In support, plaintiffs cite the Sixth Circuit's *Allied Erecting* decision, the *Mar Oil* decision by this Court, and the *Kraft Const.* decision by an Ohio appeals court.

Plaintiffs misread the *Allied Erecting* decision. *Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.*, 511 Fed. Appx. 398, 403 (6th Cir. 2013). *Allied Erecting* was not addressing unjust enrichment "claims," but rather "unjust enrichment damages" which are a statutorily-available category of damages under the Ohio Uniform Trade Secret Act. *See id.* at 403; *see also* Ohio Rev. Code § 1333.63(A) (damages under OUTSA may include "the unjust enrichment caused by the misappropriation"). The plaintiff in *Allied Erecting* had sued for trade secret misappropriation; it had **_not_** sued for unjust enrichment as a cause of action.

It is a statutory truth that unjust enrichment **_damages_** are available for a misappropriation of trade secrets under Ohio law, as they are in other states' uniform trade secret acts and under the Federal Defend Trade Secrets Act, *see* 18 U.S.C. § 1836(b)(3)(B)(i)(II). That noncontroversial reality has no bearing on what must be pleaded to meet the conferral element of an independent unjust enrichment **_cause of action_**. Plaintiffs are not suing for trade secret misappropriation, so the availability of unjust enrichment damages under a statute that they've not sued on is irrelevant to whether they've stated a claim for unjust enrichment.

Indeed, the *MP TotalCare* case cited by defendants in their opening brief is consistent with the *Allied Erecting* decision and not "outdated" nor overruled by *Allied*

*Erecting*, as plaintiffs contend. (Opening Br. 6-7 (citing *MP TotalCare Servs., Inc. v. Mattimoe*, 648 F. Supp. 2d 956, 967 (N.D. Ohio 2009).) In *MP TotalCare*, the district court denied summary judgment, in part, on a trade secret misappropriation claim, which would allow plaintiff to seek unjust enrichment *damages* under the trade secret claim at trial. *MP* TotalCare, 648 F. Supp. 2d at 967. The Court, however, granted summary judgment to defendant on the unjust enrichment *cause of action* because the alleged "misappropriation" by defendant was not voluntarily bestowed or given by plaintiff. *Id.*

Similarly, the *Mar Oil* case cited by plaintiffs addressed only unjust enrichment ***damages*** under the Ohio Uniform Trade Secrets Act. *Mar Oil Co. v. Korpan*, 973 F. Supp. 2d 775, 781-82 (N.D. Ohio 2013). It did not address the proof elements of an unjust enrichment cause of action. It has no bearing, therefore, on whether an alleged use of images that were neither given nor bestowed by plaintiffs could support an unjust enrichment cause of action; nor does it conflict with either of the two decisions cited in defendants' opening brief.[9]

### B. The other cases cited by plaintiffs support defendants' legal positions or are irrelevant to defendants' motion.

In *Kraft Const.*, plaintiff Kraft had given and voluntarily bestowed a benefit upon the county by building a larger and more expensive pump station for the county's sewage system. *Kraft Const. Co. v. Cuyahoga Cty. Bd. of Comm'rs*, 128 Ohio App.3d 33, 50 (Ohio

---

[9] The pleaded circumstances may have been different if plaintiffs and defendants had been discussing a contract and plaintiffs gave defendants the contested images for use before receiving or agreeing upon payment. Alleging, as plaintiffs have done, that defendants—who were strangers to plaintiffs—obtained the images from somewhere other than from plaintiffs and then posted them online without permission does not state an independent claim for unjust enrichment.

Ct. App. 1998). Because there was no formal contract between the parties, the court imposed a quasi-contract through unjust enrichment to force the county to pay for the extra benefit that Kraft bestowed upon it by building the pump station. *Id* at 50-52. Thus, *Kraft* supports defendants' and this Court's legal interpretation that conferral requires giving or voluntarily bestowing something to or upon defendants.

The other cases cited by plaintiffs are likewise distinguishable. In *Liberty Mutual*, an insurance company had paid the Industrial Commission money that was later determined to be the responsibility of the Commission. *Liberty Mut. Ins. Co. v. Ind. Comm. of Ohio*, 40 Ohio St.3d 109, 110-12 (1988). So there was a voluntary bestowal of something by plaintiff, namely money. In *Gaier*, the court never addressed the conferral element of an unjust enrichment claim, so it has no bearing on the legal question before this Court. *Gaier v. Midwestern Group*, 76 Ohio App. 334, 339 (Ohio Ct. App. 1991). Instead, the court merely affirmed summary judgment for a defendant because plaintiffs had not showed a substantial detriment on their part, so that "at least one of the essential elements" of the claim was missing. *Id.*at 335, 339

In *White v. Smith & Wesson*, the city of Cleveland had alleged that it voluntarily paid for the harm caused by unsafe guns and marketing practices, which saved the gun-makers from having to pay for those expenses. *White v. Smith &* Wesson, 97 F. Supp. 2d 816, 829 (N.D. Ohio 2000). So the city had voluntarily bestowed a benefit upon the defendants. Moreover, *White* does not address whether an unjust enrichment claim may proceed based on the allegation that defendant took and used plaintiffs' images (or intangible property rights).

In the end, plaintiffs essentially ignore the two federal court decisions applying Ohio law, which require plaintiff to allege that it voluntarily bestowed or gave a benefit to defendant. Instead, they misinterpret the availability of unjust enrichment damages under the Ohio Trade Secret Act as allowing one to sue for alleged misappropriation of any intangible right under an unjust enrichment cause of action. This is a *non sequitur* and unsound legal analysis. The Court should reject it accordingly.

The Court should dismiss the unjust enrichment claim because plaintiffs do not allege they conferred a benefit on defendants.

### III. **Conclusion**

For the foregoing reasons, the Court should dismiss Counts Two and Three.

Dated: May 21, 2019

  s/ Matthew J. Cavanagh
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
mcavanagh@mcdonaldhopkins.com

*Counsel for Defendant*
*1110 Brittain Road, LLC*

Respectfully submitted,

  s/ Alan M. Medvick (by consent)
Alan M. Medvick (OH 0081897)
NIEKAMP WEISENSELL
3 Nantucket Bldg.
23 South Main St.
Akron, Ohio 44308
t 330.434.1000
alan@nwm-law.com

*Counsel for Defendant*
*Dreamers Cabaret, LLC*

## L.R. 7.1(f) Certification

In accordance with Local Rule 7.1(f), I hereby certify that this case has not yet been assigned a track, but that the foregoing memorandum complies with the lowest applicable page limitation of 20 pages.

                                                                             s/ Matthew J. Cavanagh
                                                                             *Counsel for Defendant*
                                                                             *1110 Brittain Road, LLC*