UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARMEN ELECTRA, et al., | ) | CASE NO. 5:18-cv-2706 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| DREAMERS CABARET, LLC, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of defendants Dreamers Cabaret, LLC and 1110 Brittain Road, LLC for dismissal under Fed. R. Civ. P. 12(b)(6) of counts two and three in the amended complaint. (Doc. No. 14 ["Mot."].) Plaintiffs filed a memorandum in opposition (Doc. No. 15 ["Opp'n"]), and defendants filed a reply (Doc. No. 16 ["Reply"]). For the reasons set forth herein, the motion is granted.

## I. BACKGROUND

On November 20, 2018, plaintiff Carmen Electra, along with eleven (11) other plaintiffs (all of whom are allegedly professional models), filed a complaint against defendants Dreamers Cabaret, LLC and 1110 Brittain Road, LLC ("defendants") alleging that defendants have misappropriated plaintiffs' images, likenesses, and/or identities. On December 18, 2018, the first amended complaint was filed, adding two additional plaintiffs, for a total of fourteen (14). (Doc. No. 4, First Amended Complaint ["FAC"].) The FAC sets forth causes of action for (1) invasion of privacy by appropriation; (2) negligence; (3) unjust enrichment; (4) violation of the Ohio Deceptive Trade Practices Act, Ohio Rev. Code § 4165.02(A)(2) and (3); and (5) violation of the Lanham Act, 15 U.S.C. § 1125(A).

Plaintiffs allege that defendants (whom they do not distinguish in any way in the FAC) own, operate, and control a gentlemen's club in Akron, Ohio that operates under the names "Dreamers of Akron" and "Dreamers Cabaret." (FAC ¶ 2.) The gravamen of all the claims is that defendants posted or shared images of each plaintiff on Facebook and other social media sites, without permission from and/or payment to plaintiffs, for the purpose of promoting the gentlemen's club.

Defendants seek dismissal as a matter of law of both the negligence claim and the unjust enrichment claim.

## II. DISCUSSION

### A. Standard on a Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts") (internal citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. "While legal conclusions can provide the framework of a complaint, they must be

supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

**B.     Negligence**

To state a claim for negligence under Ohio law, a plaintiff must show: "(1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury [resulting proximately from] defendant's breach." *Wallace v. Ohio Dep't of Commerce*, 773 N.E.2d 1018, 1025–26 (Ohio 2002). "The duty element of negligence . . . is a question of law for the court to determine." *Id.* at 1026.

Defendants argue that they are entitled to dismissal of the negligence claim as a matter of law because plaintiffs are suing for purely economic losses, without alleging any tangible harm to person or property. They also claim that "'[i]n the absence of privity of contract between two disputing parties the general rule is there is no duty to exercise reasonable care to avoid intangible economic loss or losses to others that do not arise from tangible physical harm to persons and tangible things.'" (Mot. at 192 (quoting *Floor Craft Floor Covering, Inc. v. Parma Cmty. Gen. Hosp. Ass'n*, 560 N.E.2d 206, 208 (Ohio 1990).)

In opposition, plaintiffs claim that defendants owed them a duty because "a reasonably prudent person [in defendants' position] would have anticipated that an injury was likely to result from the unauthorized appropriation of [p]laintiffs' likenesses and images to promote a gentlemen's club." (Opp'n at 202 (quoting *Wallace*, 773 N.E.2d at 1026 ("the existence of a duty depends on the foreseeability of harm")).) Plaintiffs further note Ohio law's recognition that

3

"public and professional embarrassment, harm to professional reputation, and emotional pain and distress are not pure economic losses, but rather are 'no doubt' personal injuries." (*Id.* at 203 (citing *Lawyers Coop. Publ'g Co. v. Muething*, 603 N.E.2d 969, 974 (Ohio 1992).[1]) Further, plaintiffs argue, a "decrease in the value of one's brand and professional reputation constitutes an allegation of property damage." (*Id.* (citing *Ferro Corp. v. Blaw Knox Food & Chem. Equip. Co.*, 700 N.E.2d 94, 100 (Ohio Ct. App. 1997).)

In reply, defendants reject plaintiffs' reliance on *Wallace* to find a general duty to avoid foreseeable harm to plaintiffs' reputation, goodwill, and emotional well-being, noting that *Wallace* "was addressing the foreseeability of ***physical*** injuries to people who were killed or physically injured in a fire." (Reply at 210 (emphasis in original).) Defendants maintain that, absent "***tangible physical*** harm to persons and tangible things[,]" (*id.* at 211 (emphasis in original) (quoting *Floor Craft Floor Covering*, 560 N.E.2d at 208)), the economic loss rule applies to bar plaintiffs' negligence claim.

Although, as the Ohio Supreme Court has noted that "the concept of duty in negligence law is at times an elusive one[,]" *Wallace*, 773 N.E.2d at 1026, the Court concludes that defendants have the correct view, entitling them to dismissal of the negligence claim.

Because plaintiffs fail to establish both that defendants have a general legal duty to them and that they have suffered any tangible physical injury, defendants are entitled to dismissal of the negligence claim in the second cause of action.

---

[1] *Lawyers Coop.*, when read in context, offers little guidance for the instant case. There, the court was considering a statute of limitations argument and was deciding whether the claimed humiliation and loss of reputation resulting from a lawyer's use of and reliance on published legal forms fell within the Ohio statute dealing with product liability, bodily injury, or injury to personal property (and, thus, was subject to a shorter statute of limitations). *Lawyers Coop.* is distinguishable from this case.

**C.      Unjust Enrichment**

To state a claim for unjust enrichment, plaintiffs must allege and show: (1) that they conferred a benefit on defendants; (2) knowledge by the defendants of the benefit; and (3) retention of the benefit by the defendants under circumstances where it would be unjust to do so without payment. *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984). "[T]he purpose of such claims 'is not to compensate the plaintiff for any loss or damage suffered by him but to compensate him for the benefit he has conferred on the defendant.'" *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005) (quoting *Hughes v. Oberholtzer*, 123 N.E.2d 393, 397 (Ohio 1954)).

Defendants argue in their motion that plaintiffs have not alleged that they "conferred" a benefit on defendants; rather, they allege that defendants used their images without their prior knowledge or permission. (Mot. at 194 (citing FAC ¶¶ 43, 87, 91, 101).)

In response, plaintiffs cite to several cases that they claim "recognize unjust enrichment claims where one party misappropriates the benefit from another and no 'voluntary' conferral has occurred." (Opp'n at 206 (citing cases).)

In reply, defendants point out that all three cases relied upon by plaintiffs are addressing unjust enrichment *damages* available under Ohio's Uniform Trade Secret Act ("OUTSA"), not the elements of a separate claim of unjust enrichment. (Reply at 217–18.) Here, plaintiffs have not alleged a claim under OUTSA.

Defendants have the correct view with respect to the unjust enrichment claim. It is not enough that defendants generally enjoyed some benefit, allegedly at plaintiffs' expense. Rather, defendants' benefit (and, by extension, plaintiffs' loss) must result from plaintiffs having *conferred* that benefit. *MP TotalCare Servs., Inc. v. Mattimoe*, 648 F. Supp. 2d 956, 967 (N.D. Ohio 2009)

(dismissing unjust enrichment claim at summary judgment because plaintiff did not "confer a benefit" where defendant allegedly took and used plaintiff's trade secrets). As the Sixth Circuit has explained: "Unjust enrichment is an equitable remedy which is cognizable when one confers a benefit on another, in reliance on the existence of a promise to pay, without receiving just compensation for those services." *Allen v. Ford Motor Co.*, 188 F.3d 506 (Table), 1999 WL 644345, at *3 (6th Cir. Aug. 18, 1999) (citing *Weiper v. W.A. Hill & Assoc.*, 661 N.E.2d 796, 804 (Ohio Ct. App. 1995) (explaining that "[u]njust enrichment is an equitable doctrine in which the law implies a promise to pay the reasonable value of services rendered where one confers a benefit upon another without receiving just compensation for those services.")).

Plaintiffs have not alleged that they conferred a benefit on defendants. They have not alleged that they allowed defendants the use of their names, images, and/or identities, with an expectation of remuneration or compensation. The whole point of plaintiffs' complaint is that they *conferred* nothing, but that defendants *took* their images without permission and without their knowledge, and used them in a way that damaged plaintiffs' professional reputations, thus causing them harm. *See MP TotalCare Services, Inc.*, 648 F. Supp. 2d at 967 (observing that "[t]he word 'confer' means 'to bestow from or as if from a position of superiority' or 'to give.' . . . Here, MP's claim fails because it did not confer or voluntarily bestow on defendants. Instead, defendants took clients, employees and arguably trade secrets from plaintiff.") (citations omitted).

## III. CONCLUSION

For the reasons set forth herein, defendants' motion to dismiss is granted and the second and third causes of action are dismissed.

**IT IS SO ORDERED**.

Dated: July 18, 2019

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**