(Rev. 12/01/15)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CARMEN ELECTRA, et al., | ) CASE NO. 5:18-cv-2706 |
| PLAINTIFF(S), | ) JUDGE SARA LIOI |
| vs. | ) CASE MANAGEMENT PLAN |
| | ) AND TRIAL ORDER |
| DREAMERS CABARET, LLC, et al., | ) |
| DEFENDANT(S). | ) |

## I. TRACK ASSIGNMENT

Upon consideration of the Local Rules for the United States District Court for the Northern District of Ohio, the Court assigns this matter to the **Complex** Track. Accordingly, the Court sets forth the following deadlines:

(1) Deadline to Add Parties or Amend Pleadings: **11/15/2019**

**Note:** Even though this deadline has been set, counsel is still required to file a motion for leave to amend, attaching the proposed amended pleading. Any opposition to the proposed amended pleading must be filed within seven (7) calendar days of the date the motion was filed. No reply is permitted unless ordered by the Court.

(2) Deadline for Completing Non-Expert Discovery: **5/15/2020**

(3) The parties (indicate one):

☐ agree that there will be no discovery of electronically-stored information; or

☒ have agreed to a method for conducting discovery of electronically-stored information, including the form or forms in which it should be produced; or

☐ have agreed to follow the default standard for discovery of electronically-stored information (Appendix K to N.D. Ohio Local Rules)

(4) Deadline for Party(ies) with Burden of Proof to Identify Experts(s) and Provide Reports in Compliance with Civil Rule 26(a)(2): **6/29/2020**

    (5)        Deadline to Identify Rebuttal Experts(s) and Provide Reports in Compliance with Civil Rule 26(a)(2): **8/3/2020**

    (6)        Deadline for Completing Expert Discovery: **9/4/2020**

    (7)        Deadline for Filing Dispositive Motions: **10/5/2020**

    (8)        Deadline for Filing Opposition to Dispositive Motions: **11/2/2020**

    (9)        Deadline for Filing Replies to Responses: **11/16/2020**

## II. STATUS REPORTS

Beginning forty-five (45) calendar days from the date of this Order, counsel shall submit a Joint Status Report to the Court and shall continue such reports every forty-five (45) days during the pendancy of this matter. Joint Status Reports are to briefly state the following: (1) discovery that has occurred during the reporting period; (2) settlement discussions that have occurred during the reporting period; (3) motions that have been filed or remain pending during the reporting period; and (4) any developments that might give rise to a request to deviate from the schedule outlined in this Case Management Plan and Trial Order. These are to be procedural reports; they are not to contain substantive discussions of the merits of any claims or defenses asserted. Failure to file Joint Status Reports will affect the Court's willingness to grant requested extensions of time to perform any acts required under this Order or under any applicable federal or local rule of procedure. Repeated failures to file Joint Status Reports could result in additional sanctions, including dismissal of claims or defenses under Rule 41(b).

## III. STATUS AND PRE-TRIAL CONFERENCES

A status conference will take place on **6/19/2020** at **2:00 p.m.** A final pre-trial conference will take place on **1/27/2021** at **2:00 p.m.** The following persons must attend both the status conference and the final pre-trial conference: counsel, anyone with settlement authority and parties/party representative(s). These persons are required to attend unless prior approval of their absence is obtained.

Parties shall meet at least ten (10) business days before the pre-trial conference to determine whether they can enter into stipulations relative to any facts or issues.

Parties must electronically file a proposed Stipulation & Order at least seven (7) calendar days before the date of the pre-trial conference. The required form of this proposed Stipulation & Order is attached hereto as Appendix A.

## IV. TRIAL

**A.   General**

The Court has set this matter for a **Jury** Trial on a two-week standby period beginning on **2/16/2021** at 8:00 a.m. Parties must keep in regular contact with the Courtroom Deputy Clerk to determine the exact starting date for the trial. Parties may reach the Courtroom Deputy Clerk at (330) 252-6060.

The trial day will begin promptly at 8:00 a.m. and will conclude at approximately 5:00 p.m. During each trial day, the Court will adjourn for lunch for approximately forty-five (45) minutes.

**B.   Trial-Related Motions**

Parties shall file all trial-related motions, including but not limited to motions *in limine*, fourteen (14) calendar days before the final pre-trial conference.

Responses to any trial-related motions are due by no later than seven (7) calendar days after the filing of the motion. No replies will be permitted unless ordered by the Court.

### C. Stipulations of Fact and Preliminary Statements

Counsel for the parties shall confer with one another in order to prepare written stipulations as to all uncontested facts to be presented at trial to the jury or to the Court, as the case may be. Stipulations of fact are strongly encouraged in order to eliminate the need for testimony of witnesses as to facts that are not in dispute. Said stipulations shall be signed by both counsel, filed with the Court and faxed to the Court's chambers by no later than fourteen (14) calendar days before the trial date. The fax number for the Court's chambers is 330-252-6058.

Counsel shall also prepare and submit a Joint Preliminary Statement (not to exceed two (2) pages) describing the case in an impartial, easily understood and concise manner for use by the Court either during *voir dire* or at the time the jury is impaneled. This statement will be used to set the context of the trial for the jury. The statement must be faxed to the Court's chambers no later than seven (7) calendar days prior to the final pre-trial conference date.

### D. Witnesses

Parties shall file witness lists (form attached hereto as "Appendix C") along with the final pre-trial order seven (7) calendar days before the final pre-trial conference. The order in which witnesses are listed is the order in which such witnesses will be called unless the Court is presented with a revised order of witnesses' appearance at least 48 hours in advance of such appearances. Parties may seek leave to call witnesses out of order for reasons that could not reasonably be anticipated.

Leave to call additional witnesses may be granted by the Court in unusual situations. Parties seeking such leave must file a motion to add witnesses and serve a copy upon opposing parties with names, addresses and an offer of proof of such witness's testimony at least three (3) business days before trial.

The Court strongly advises counsel to over-schedule their witnesses. Should a party run out of witnesses on any given trial day, the Court will presume that the party has rested its case.

**E.    Use of Depositions as Evidence**

If the parties intend to use depositions as evidence during the trial, the parties must file these depositions by the time of the final pre-trial conference with the portions to be read identified therein. As appropriate, an opportunity will be given to the opposing party to read any omitted portion into the record at trial. Parties will be notified at trial of rulings on all objections pertaining to the depositions.

**F.    Trial Exhibits**

All exhibits for use at trial must bear the official case number and shall be marked before trial with official exhibit stickers (available from the clerk upon request). Notwithstanding the labeling provisions of LR 39.1, all exhibits must be marked with the party's designation and Arabic numerals (e.g., "Pl(s). Ex. 1" or "Def(s). Ex. 1"). Where there are multiple parties on a side and an exhibit is presented on behalf of fewer than all of them, the party's name should be added (e.g. "Pl. Smith Ex. 1" or "Def. Jones Ex. 1"). Joint exhibits shall be similarly marked (e.g., "Joint Ex. 1"). Multiple-page exhibits must be bates numbered for ease of reference.

Each party shall place its properly labeled exhibits on a flash drive and send the flash drive to the Court seven (7) calendar days before the trial. The following file extensions are permitted for exhibits: .pdf; .jpg; .gif; .wmv; .mpg; .wma; .mp3; .bmp; and .tif. When naming the exhibit files on the flash drive, the following format must be used:

&lt;exhibit number&gt;_&lt;PARTY + NAME & exhibit name&gt;.&lt;file extension&gt;

Some examples include:

1_PL SMITH Copy of Mailing List.pdf [Plaintiff Smith's Exhibit 1]

5

        23_PL DOE Photograph of Office.jpg [Plaintiff Doe's Exhibit 23]

        1_DEF JONES Camera Footage.wmv [Defendant Jones's Exhibit 1]

        23_DEF DOE January Statement.pdf [Defendant Doe's Exhibit 23]

        4_JOINT February Payroll.gif [Joint Exhibit 4]

One (1) business day before the trial begins, counsel shall submit to the Court two (2) courtesy copies of all proposed exhibits, along with an index (form attached hereto as "Appendix B") containing a brief description of each exhibit. Exhibits shall be exchanged between counsel at least three (3) business days before trial.

**G.     Jury Trials**

    **1.     *Voir Dire***

The Court will conduct initial *voir dire* of the entire panel and of individual panel members. The Court thereafter will allow one attorney for each party to question individual panel members briefly on issues not addressed by the Court. The Court will discontinue counsel's *voir dire* questioning if it appears to the Court that counsel seeks to accomplish something other than eliciting information regarding the panel member's background, biases or suitability for service.

Proposed questions for the Court's *voir dire* are to be filed fourteen (14) calendar days before the final pre-trial.

Counsel will exercise their juror strikes for cause at sidebar immediately following *voir dire*. First, plaintiffs will present all motions to strike for cause; then, defendants will present all motions to strike for cause. Jurors will not know why they were stricken, or by whom. After the Court rules on these motions, counsel will return to their respective tables to exercise their peremptory strikes. Counsel may use any peremptory strike to remove any potential juror from the panel. "Back strikes" are allowed. It

will be clear which jurors have been stricken. There are no blind strikes. The Court keeps a chart tracking which jurors would be seated at any given time.

All challenges, including challenges under *Batson v. Kentucky*, 476 U.S. 79 (1986), are to be made during sidebar when counsel exercise their for-cause strikes, and the Court will rule upon these challenges outside the hearing of the jury. Challenges not made at this time are waived.

**2.      Jury Instructions**

Counsel are required to provide complete jury instructions to the Court, including (1) the general boilerplate instructions on issues such as credibility, burden of proof, etc.; (2) the law applicable to the particular claims, issues and defenses in the case; (3) any interrogatories; and (4) jury verdict forms.

Counsel shall exchange proposed jury instructions no later than fourteen (14) calendar days prior to the trial date. Counsel shall then confer regarding their respective proposals in an effort to reach an agreement regarding as many jury instructions and interrogatories as possible.

A single joint submission of jury instructions shall be filed and hand-delivered or faxed to the Court's chambers no later than seven (7) calendar days prior to the trial date, providing: (1) agreed upon instructions; (2) instructions proposed by plaintiff(s), but opposed by defendant(s); and (3) instructions proposed by defendant(s), but opposed by plaintiff(s).

Each proposed instruction shall be on a separate 8½" x 11" sheet of paper identified as "Joint/Plaintiff(s)/Defendant(s) Requested Instruction No. ___." Each instruction must contain a citation to the authority upon which counsel relies. The Court will reject any proposed instruction that does not contain a citation to authority.

The Court uses as sources for jury instructions, among others, the current editions of Pattern Instructions of the Sixth Circuit; Federal Jury Practice and Instructions (Kevin F. O'Malley, et al.); and Ohio Jury Instructions.

In some cases, jurors better understand the testimony presented when they are permitted to pose questions to the witness. Accordingly, the Court may permit jurors to submit proposed questions for the witnesses. Any such questions will be submitted to the Court in written form. The Court will then discuss the proposed question with counsel in a sidebar conference. The Court will ultimately decide whether to ask the proposed question. If the Court asks any proposed question, the Court will allow the parties to ask follow-up questions limited to the area of the juror-proposed question.

**H.      Nonjury Trials**

For matters not submitted to a jury, the Court requires counsel to submit the following at least seven (7) calendar days before the standby trial period: a statement of the issues; proposed findings of fact; and proposed conclusions of law. The parties also must file any trial briefs no later than seven (7) calendar days before the standby trial period.

The Court may order the parties to submit post-trial briefs. These briefs will be limited to specific issues designated by the Court during or after trial. The Court may permit counsel to file supplemental findings of fact and conclusions of law following trial. Parties must exchange any trial or post-trial briefs, as well as any supplemental findings of fact or conclusions of law.

## V. ELECTRONIC COURTROOM

The Court has a courtroom equipped with advanced technology. The Court encourages counsel to utilize this technology whenever appropriate. Counsel bears the responsibility for developing proficiency with this technology well in advance of trial.

## VI. CHANGE OF ADDRESS

Counsel shall notify the Court and the Clerk of this Court by letter of any address, e-mail address, or telephone number changes to assure proper notification.

**IT IS SO ORDERED**.

Dated: October 21, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**